O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ERNIE GARCIA VASQUEZ, | Case No. CV 08-4360-SVW (MLG) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE |
| OFFICER MAGANA, et al., | |
| Defendant. | |

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the California Rehabilitation Center in Norco, Californa. He filed the first amended *pro se* civil rights action on August 19, 2008. On August 21, 2008, Magistrate Judge Marc L. Goldman directed that the United States Marshal effect service upon Defendants Magana and Stuplinski, both of whom were allegedly employed by the Los Angeles County Sheriff's Department. Plaintiff forwarded the appropriate paperwork to the Marshal for service. However, on September 9, 2008, the Marshal was informed by the Sheriff's Department that they had no employee named

Stuplinski and that they had three employees named Magana, and could not identify the Deputy Magana who was to be served. Additional identification information was requested so that service could be effected.

On December 11, 2008, Magistrate Judge Goldman issued an order directing Plaintiff to provide additional information, on or before January 5, 2009, by which the Defendants could be identified and served, such as first names or identification numbers.  Plaintiff was informed that his failure to respond to the order would result in the case being dismissed for failure to prosecute. Plaintiff did not respond to the order in the time allowed.

This action shall be dismissed for failure to prosecute.  The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). The Court is required to weigh the following factors in determining whether to dismiss a case for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Ferdik*, 963 F.2d at 1260, 1261;  *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423); *see also In re PPA Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Here, the public's interest in the expeditious resolution of litigation and the court's interest in managing its docket weighs in

favor of dismissal. Given Plaintiff's failure to comply with the court's order, dismissal would not undermine the public policy favoring disposition of cases on the merits. In addition, there is no identifiable risk of prejudice to Defendants. Finally, five months have elapsed since the first amended complaint was filed without Plaintiff identifying the Defendants with enough specificity so that service can be effected.

Balancing all of these factors, dismissal of this action without prejudice for failure to prosecute is warranted.

IT IS SO ORDERED.

Dated: <u>March 18, 2009</u>

Stephen V. Wilson
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge

3